IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIL THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, et al. | : | NO.  13-3645 |

### REPORT AND RECOMMENDATION

Henry S. Perkin, M.J.                                                                                    February 24, 2014

This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Jamil Thomas, who is currently incarcerated at the State Correctional Institution in Graterford, Pennsylvania.  For the reasons that follow, I recommend that the petition be stayed pending the state courts' consideration of Thomas's claim relying on the United States Supreme Court's recent decision in Miller v. Alabama, ___ U.S. ___, 132 S.Ct. 2455 (2012).

### I.   FACTS AND PROCEDURAL HISTORY[1]

On December 20, 2004, Thomas was found guilty of murder in the first degree, criminal conspiracy, and possession of an instrument of crime.  See Commonwealth v. Jamil R. Thomas, No. CP-51-CR-1003182-2003, Docket Sheet (Phila. C.C.P.).  On February 1, 2005, the Honorable Gary Glazer of the Court of Common Pleas of Philadelphia County sentenced Thomas to life imprisonment without the possibility of parole.  Id.

---

[1] Because Thomas has a pending post-conviction petition pending in the state courts, I was unable to obtain the state court record in this case.  The facts and procedural history are derived from the petition, the response and attached exhibits, and the state court docket.

On July 23, 2012, Thomas filed an amendment to his *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551, relying on <u>Miller</u>.[2] The PCRA petition, and the amendment thereto, remain pending in the state courts.

Petitioner filed with this Court on June 24, 2013 a *pro se* Writ of Habeas Corpus Pursuant to § 2254.  <u>See</u> Doc. 1.  Having reviewed this initial Petition, the Honorable Mary A. McLaughlin found that Thomas did not use the current standard form as has been required by this Court since July 2010.  <u>See</u> Doc. 3.  For this reason, Judge McLaughlin, in an Order dated September 9, 2013, directed that the Clerk of Court furnish Thomas with a blank copy of the Court's current standard form for habeas corpus relief, and instructed Thomas to complete the current form and return it for filing.  <u>See</u> Doc. 2.

On October 8, 2013, Thomas filed his revised *pro se* Petition for Writ of Habeas Corpus pursuant to § 2254.  <u>See</u> Doc. 3.  This Petition was submitted on this Court's current standard form, and indicated his intention to seek habeas relief on the basis of <u>Miller</u>.  More specifically, Thomas alleges that he is serving a mandatory life sentence in violation of the United States Supreme Court holding in <u>Miller</u>, and further contends that his mandatory life sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment.  <u>See</u> Doc. 3.

---

[2]   On June 25, 2012, the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time the crime was committed violates the Eighth Amendment of the Constitution.  <u>Miller</u>, 132 S.Ct. at 2474.

By letter dated December 19, 2013, Thomas advised this Court that in addition to his Miller claim, he has several other claims pending in state court. See Doc. 9. More specifically, Thomas avers that each of the following claims have been fully preserved in state court through the filing of his first PCRA petition, and he requests that these claims be preserved for federal review:

1. Whether the evidence was sufficient to support the conviction for First Degree Murder;

2. Whether the evidence was sufficient to support the conviction for Conspiracy;

3. Whether the Court erred by refusing to charge the jury on Voluntary Manslaughter;

4. Whether the Court abused its discretion in permitting the jury to have, during deliberations, copies of statements from certain Commonwealth witnesses;

5. Whether the Commonwealth engaged in prosecutorial misconduct during closing arguments;

6. Trial counsel was ineffective for failing to conduct his own investigation and relied totally upon the Commonwealth's file;

7. Trial counsel was ineffective for failing to present an alibi defense and failed to investigate or call or locate and interview alibi witnesses;

8. Trial counsel was ineffective for failing to request a motion for severance from co-defendants.

See Doc. 9.

Because Thomas's claims are unexhausted and pending in the state court, on February 4, 2014, the District Attorney filed a response, asking the court to stay

consideration of the petition pending completion of the proceedings on Thomas's pending PCRA petition.  <u>See</u> Doc. 13 at 2-7.  By way of correspondence dated February 12, 2014, the District Attorney stated that they had no objection to Petitioner's request to add claims to his present habeas Petition, which claims were included in his December 19, 2013 letter.  <u>See</u> Doc. 14.  The District Attorney advised, however, that they reserve the right to raise any procedural defenses that might be available as they relate to these claims, including, but not limited to, time-bar and procedural default.

## II.    <u>DISCUSSION</u>

As an initial note, I recommend that Petitioner's letter request to amend his Petition to add certain other claims that are currently pending in the state courts be granted.  These claims have been identified by Petitioner in his December 19, 2013 correspondence to this Court, which correspondence has been subsequently docketed on December 27, 2013.  <u>See</u> Doc. 9.  Respondents have no objection to this request, but reserve the right to raise any procedural defense that might be available as they relate to these claims at the appropriate time.

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court.  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (citing <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)).  Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

Thomas's claims are clearly unexhausted. They are currently pending before the trial court in a PCRA petition. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that the exhaustion requirement can conflict with AEDPA's one year statute of limitations. The Supreme Court specifically considered the issue of mixed petitions, those containing both exhausted and unexhausted claims, observing that

> [a]s a result of the interplay between AEDPA's 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement, [455 U.S. 509 (1982)] petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.

Id. at 275. In such cases, if the petitioner can show good cause for failing to exhaust and that his unexhausted claims have potential merit, the Court approved the use of a "stay and abey" procedure. By staying the federal petition rather than dismissing it, a petitioner can complete the state procedures necessary to comply with AEDPA's exhaustion requirement without the need to re-file at a point in time that might be outside of the statute of limitations. This procedure protects the concerns of both comity and finality by giving the state courts the first opportunity to address the unexhausted claims and preserving the petitioner's exhausted claims from an untimely fate if the federal court were to dismiss a mixed petition. Id. at 278. Whether to stay a petition under Rhines is

5

discretionary with the district court, guided by the timeliness concerns at issue. Id. at 277-78.

The United States Court of Appeals for the Third Circuit subsequently held that Rhines was not limited only to mixed petitions, i.e., petitions raising both exhausted and unexhausted claims, but was applicable to cases presenting only unexhausted claims. Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009). The Third Circuit cited to the Supreme Court decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005), in holding that a petitioner may file a "protective" petition, even when the petition contains only unexhausted claims. In addition, the Third Circuit, relying on language in Pace, concluded that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' [satisfying the test laid out in Rhines] for him to file in federal court." Heleva, 581 F.3d at 191 (quoting Pace, 544 U.S. at 416).

Despite the fact that Thomas has not specifically asked the court to stay consideration of his habeas petition, I can find no impediment to doing so under the circumstances presented. See Harris v. Beard, 393 F. Supp.2d 335, 337-38 (E.D. Pa. 2005) (court has authority to consider sua sponte whether to maintain a case in suspense). Thomas filed an amendment to his pending PCRA petition in the state court based on a Supreme Court decision which may directly impact his sentence.

Subsequently, he filed a protective habeas in this court to ensure federal review if he is unsuccessful in obtaining relief in the state court.[3]

Depending on the ultimate retroactive effect of Miller, Thomas's sentence may have to be revisited by the state court.[4]  The District Attorney suggests that the state trial courts have been holding Thomas's PCRA petition awaiting the Pennsylvania Supreme Court's decision in Commonwealth v. Cunningham, No. 38 EAP 2012 (Pa., argued Sept. 12, 2012), in which the court had been asked to determine whether Miller applies retroactively to cases that were final when Miller was decided.[5]  On October 30, 2013, the Pennsylvania Supreme Court held that Miller is not retroactive.  Cunningham, No. 38 EAP 2012, 2013 Pa. LEXIS 2546 (Pa. October 30, 2013).  The District Attorney advises, however, that defense counsel in Cunningham has informed their office that he plans to seek certiorari in the United States Supreme Court, in order to review the Pennsylvania Supreme Court's recent decision on Miller retroactivity.  Justice Samuel Alito of the

---

[3]  If Miller is ultimately held to apply retroactively to cases on collateral review, Thomas would have one year from the date of the Miller decision (June 25, 2012) to file a timely habeas petition in this court.  See 28 U.S.C. § 2244(d)(1)(C).

[4]  It appears that at the time of Thomas's crimes, he was 16 years old.  At the time Thomas was sentenced, Pennsylvania law provided for either a death sentence or a mandatory term of life imprisonment for first-degree murder, regardless of the age of the defendant at the time of the crime.  See 18 Pa. C.S.A. §1102(a)(1) (subsequently amended).  After Miller, the statute was amended to allow a term of life imprisonment without parole or a term of 35 years to life for first-degree murder committed by a person 15 or older (but under 18).  See 18 Pa. C.S.A. § 1102.1(a)(1).  The amendment applied prospectively to those convicted after June 24, 2012.

[5]  In Commonwealth v. Batts, 66 A.3d 286 (Pa. Mar. 26, 2013), the Pennsylvania Supreme Court determined that Miller applies to cases that were not final at the time of the Miller decision.

United States Supreme Court has recently granted an extension for such a filing to February 27, 2014.

The District Attorney further represents that in light of this ongoing litigation, the Honorable Jeffrey P. Minehart, Supervising Judge of the Criminal Division of the Philadelphia Court of Common Pleas, has directed that all of the currently pending PCRA Miller claims be stayed until the disposition of the certiorari petition in Cunningham. Accordingly, none of these cases are final, and they remain unexhausted for habeas purposes.  Moreover, the District Attorney represents that on November 20, 2013, the Third Circuit granted a motion by their office to stay the appeal in another Miller case pending the outcome of the certiorari petition in Cunningham.  Kempis Songster v. Secretary, Pa. Department of Corrections, No. 12-3941 (3d Cir., Nov. 20, 2013).

Accordingly, while this court recognizes that the Supreme Court of Pennsylvania has held that Miller does not apply retroactively, Commonwealth v. Cunningham, No. 38 EAP 2012, 2013 Pa. LEXIS 2546 (Pa. Oct. 30, 2013), Thomas's PCRA petition remains pending in state court, and could be affected should a Writ of Certiorari be sought in Cunningham, or other federal authority issue regarding retroactivity. Again, until the PCRA is decided, it is a pending petition and Thomas's claims here remain unexhausted.

Under the circumstances, staying consideration of Thomas's petition is consistent with both Rhines and Thomas's interests in preserving an opportunity for federal review. If Thomas is unsuccessful in obtaining relief in the state court, he may then reactivate this federal petition once his Miller claim is exhausted.  Therefore, I recommend that his habeas petition be placed in suspense and that Petitioner and Respondents notify this

court within thirty days of the conclusion of the state court proceedings, so that the habeas petition may proceed in this court if necessary.

For the foregoing reasons, I make the following:

# R E C O M M E N D A T I O N

AND NOW, this    24th    day of February, 2014,

IT IS RESPECTFULLY RECOMMENDED that Petitioner's letter request dated December 19, 2013 (See Doc. 9) seeking to amend his Petition to add certain other claims that are currently pending in the state courts be GRANTED.  Respondents have reserved the right to raise any procedural defense that might be available as they relate to these claims at the appropriate time.

IT IS FURTHER RECOMMENDED that the petition for writ of habeas corpus be placed in suspense pending Petitioner's exhaustion of state court remedies.

IT IS FURTHER RECOMMENDED that the court require Petitioner and Respondents to notify the court within thirty days of the conclusion of the state appellate proceedings so the habeas petition may proceed in this court.

Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

                                               */s/ Henry S. Perkin*
                                               HENRY S. PERKIN
                                               UNITED STATES MAGISTRATE JUDGE