UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

JAMIL THOMAS,                                    :
                            Petitioner,          :
                                                 :
            v.                                   :          No. 2:13-3645
                                                 :
JOHN E. WETZEL MICHAEL                           :
WENEROWICZ, THE ATTORNEY GENERAL                 :
OF THE STATE OF PENNSYLVANIA, and                :
THE DISTRICT ATTORNEY OF                         :
PHILADELPHIA COUNTY,                             :
                            Respondents.         :

---

**O P I N I O N**

**Uncontested Report and Recommendation, ECF No. 30—Approved & Adopted**

**JOSEPH F. LEESON, JR.**                                    **December 31, 2020**
**United States District Judge**

I.      **INTRODUCTION & BACKGROUND**

On June 24, 2013, Jamil Thomas filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  *See* ECF No. 1.  In his petition, Thomas challenges the constitutionality of his

sentence for first degree murder to a term of incarceration of life without the possibility of

parole; the challenge was based on the Supreme Court's decision in *Miller v. Alabama*, 567 U.S.

460 (2012).[1]  *See id.*  On November 2, 2013, Judge Mary A. McLaughlin (the Judge to whom

Thomas's petition was originally assigned), referred the petition to Magistrate Judge Henry S.

---

[1]      On December 20, 2004, a jury found Thomas guilty of first-degree murder, criminal conspiracy, and possessing an instrument of crime. The court sentenced him to a mandatory term of life imprisonment for murder and consecutive prison terms of one to two years for conspiracy and three to twenty-three months for possessing an instrument of crime.  The crimes of which Thomas was convicted occurred when Thomas was 15 years old.

Perkin for a Report and Recommendation ("R&R").  *See* ECF No. 6.  By letter dated December

19, 2013, Thomas advised Judge Perkin that in addition to his *Miller* claim, he had eight other

claims pending in state court.  *See* ECF No. 9.  On February 14, 2014, Judge Perkin issued an

R&R in which he recommended that Thomas's petition be amended to include the eight claims

identified in his December 19, 2013 letter, and additionally that the petition be placed in

"suspense" pending exhaustion of Thomas's state court remedies.  *See* ECF No. 15.  This R&R

was approved and adopted by Judge McLaughlin.  *See* ECF No. 16.  On July 1, 2015, this case

was reassigned from Judge McLaughlin to the Undersigned.  *See* ECF No. 17.

Between 2014 and 2018, Thomas litigated his claim for PCRA relief based on *Miller* in

state court.  On November 5, 2018, the Honorable Barbara A. McDermott of the Philadelphia

Court of Common Pleas granted Thomas PCRA relief based on the Supreme Court's decision in

*Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which held that the rule in *Miller* applied

retroactively to cases on collateral review.  Accordingly, Thomas was resentenced to a prison

term of twenty-two and one-half years to life for murder; he received no further penalties for his

other convictions.  *See* Case No. CP-51- CR-1003182-2003, pp. 4, 18.

On February 7, 2020, noting the absence of any docket activity in this matter for several

years, this Court issued an Order directing the parties to show cause why Thomas's petition

should not be dismissed as moot in light of his resentencing.  *See* ECF No. 20.  The Office of the

District Attorney for Philadelphia County subsequently responded and requested that Thomas's

petition be referred to a Magistrate Judge for an R&R as to the remaining non-*Miller* claims,

which remained unresolved.  *See* ECF No. 23.  On March 24, 2020, this Court referred the matter

to Magistrate Judge Perkin for preparation of a second R&R.  *See* ECF No. 24.  On March 25,

2020, Judge Perkin Ordered Respondents to file a response to the eight claims in Thomas's

December 19, 213 letter, *see* ECF No. 26, which they did on June 22, 2020 after being granted

an extension of time to do so, *see* ECF No. 29.  Thomas never filed anything further in support of

the remaining claims in his habeas petition.

Judge Perkin issued his R&R on August 27, 2020.  *See* ECF No. 30.  In his R&R, Judge

Perkin recommends that, pursuant to a *Poulis* analysis, Thomas's habeas petition be dismissed

with prejudice for his failure to prosecute his claims.  *See id.*  Judge Perkin further recommends

that no certificate of appealability be issued.  *See id.*

The time for filing objections has come and gone, and neither party has objected to Judge

Perkin's R&R.[2]

## II.    STANDARD OF REVIEW

When neither party objects to a magistrate judge's report and recommendation, the

district court is not statutorily required to review the report—either de novo or under any other

standard.  *Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in

enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to

which no objections are filed.").  Nevertheless, the United States Court of Appeals for the Third

Circuit has held that, notwithstanding the absence of objections, it is "better practice" to afford

some level of review to dispositive legal issues raised in a Magistrate Judge's report.  *Henderson

v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987).  Where no party

objects to the findings and recommendations of a Magistrate Judge's report, the district court

reviews the report for clear error.  *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465,

469 (M.D. Pa. 2010) ("When no timely objection is filed, the court need only satisfy itself that

---

[2]    The R&R was inadvertently mailed to the wrong correction facility initially, *see* ECF No.
32; however, it was mailed to the correct facility on October 6, 2020.

there is no clear error on the face of the record in order to accept the recommendation." (quoting

FED. R. CIV. P. 72(b), advisory committee notes)); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399

(E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the

magistrate judge's report and recommendation for clear error).

III.   DISCUSSION

In the absence of objections, this Court has reviewed Judge Perkin's R&R for plain error

and has found none.  The R&R outlines the factual and procedural history of this case prior to

addressing the legal principles of exhaustion, procedural default, and ineffective assistance of

counsel (as they relate to Thomas's unresolved claims), as well as the standard of review

applicable to habeas petitions generally.  *See* ECF No. 30 at 1-12.  Judge Perkin then discusses

the legal standard for *sua sponte* dismissals of actions for a petitioner's failure to prosecute as set

forth by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co*., 747 F.2d 863, 868 (3d

Cir.1984).  *See id*. at 12.  After applying the *Poulis* factors to the circumstances of Thomas's

petition, Judge Perkin concludes that the factors weigh in favor of dismissal of Thomas's petition

for his failure to prosecute his non-*Miller* claims.  *See id*. at 18.

The Court finds that Judge Perkin's R&R astutely weighs the *Poulis* factors and correctly

concludes that they weigh in favor of dismissal of Thomas's petition for failure to prosecute.

Indeed, as Judge Perkin points out, "[s]ince November 22, 2013, Petitioner has not filed anything

in this case including a response to [the] February 7, 2020 Order to show cause."  ECF No. 30 at

7.

IV.   CONCLUSION

After review and in the absence of objections, this Court now adopts the findings and

recommendations of Judge Perkin's well-reasoned and thorough R&R.  Thomas's habeas corpus

petition is therefore dismissed, with prejudice, for his failure to prosecute his remaining non-

*Miller* claims.  Moreover, Thomas is not entitled to either an evidentiary hearing or a certificate

of appealability.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge